THE CHASE MANHATTAN BANK, N.A., Appellant, *v.* THE REGISTRAR OF PROPERTY OF CAGUAS, SECTION TWO, Respondent.

No. O-69-73.    Decided December 10, 1969.

*Fiddler, González & Rodríguez* and *Manuel Hernández Penzol* for appellant. The respondent Registrar appeared by brief.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On November 20, 1968, a certified copy of deed No. 137 of the previous August 10 executed before Notary David Carrión Fuentes, by means of which Higinio Muñoz Vicens constituted mortgage on an immovable in favor of appellant The Chase Manhattan Bank, N.A., was presented for record

in the Registry of Property, Section Two of Caguas. The presenter deposited twenty-one dollars in internal-revenue stamps to satisfy the fees established by law. As the respondent registrar alleges, on November 29, he sent a letter by regular mail to the presenter, in care of Attorney Carrión Fuentes,[1] upon noticing that there was a three dollar deficiency in the amount of the fees charged for the operation of the registry, to request the remittance of the necessary stamps. Not having received an answer nor the stamps to complete the fees, on February 13, 1969, the registrar proceeded to deny the entry of presentation, fact which he notified to the presenter by means of a letter of that same date addressed again in care of the attesting notary, to the following address: "Box 867, Bayamón, P.R. 00619."

Appellant states that it received this last notification on or about March 17, and two days later it offered to remit the difference in the fees but it was not accepted. Again on March 29, this time to an acting registrar, and on April 10, to another registrar, the same offer was repeated, with the same result, these officers stating that since the entry had been denied by another registrar, they lacked, therefore, the power to set aside the denial.

It was not until April 11, 1969 that the present administrative appeal was filed against the action of the respondent registrar, it being alleged that he erred upon denying the entry of presentation "since he did not request the interested party or his representative to deposit the difference of the fees for recording said instrument." It alleges that it never received the notice of the registrar of November 29—fact which it seeks to substantiate with sworn statements of the presenter and of the attesting attorney—and that if said notice had been mailed it was not sent to the address that the presenter gave to the employee in charge of the presenta-

---

[1] Respondent does not state the address where he sent this letter.

tion of instruments, address which was stated on the entry of presentation itself and on the title page of the instrument presented.[2]

In *Nazario v. Registrar*, 36 P.R.R. 694 (1927) we held that,[*] when sufficient revenue stamps as required by the schedule of the registries of property are not furnished to the registrar, the latter shall not take any action in the registry and shall not deny the record.[3] In order to face this situation, the lawmaker, through amendment by addition to § 24 of the Act Assigning Salaries to the Registrars of Property, Act of March 10, 1904 (Sess. Laws, p. 154), provided by Act No. 39 of April 23, 1928 (Sess. Laws, p. 232) that when in the opinion of the registrar more stamps than those deposited were needed to effectuate the operation requested, the registrar would require such party to deposit the difference and if the deposit was not made within the time that the entry of presentation was in force the record of entry would be suspended by means of a note on the margin of the entry of presentation stating the reasons therefor. This note would be in effect for 120 days and from it an administrative appeal could be taken to the Supreme Court. If the note was reversed, the registrar proceeded to record or to enter the document; if it was affirmed, the interested party

---

[2] "Federico Tilén, Jr.·
c/o Attorney David Carrión Fuentes
G.P.O. Box 3507, San Juan, Puerto Rico
Tel. 723-9630—Santurce, P.R."

[3] In Spain, Art. 615 of the Regulations of the Mortgage Law provides that the record of an instrument shall never be stopped or denied for want of payment, but it authorizes the registrar to resort to a distress proceeding to obtain payment. The interested party, in turn, may request the General Directorate of Registries and Notaries to adjust the account presented.

[*] EDITOR'S NOTE: We have omitted the phrase *"copiando del sumario"* (copying from the headnote) as well as the quotation marks which appear in the Spanish text of this opinion because in the English version of the case cited, the said headnote does not appear.

could obtain the record or entry by depositing in stamps the difference required by the registrar.[4]

This provision was in force until the approval of Act No. 67 of June 20, 1963, 30 L.P.R.A. § 1767c, which copied verbatim reads:

"If, in the judgment of the Registrar, it appears that any operation in the registry requires more fees than those deposited in stamps by the presenter, said Registrar shall require the interested party to deposit the difference, and if the latter fails to do so within the duration of the effects of the entry of presentation, the Registrar shall deny the corresponding entry, by means of an explanatory note which he shall enter on the margin or on the back of the entry of presentation and at the foot of the title or instrument involved. This note shall last sixty days, during which the said entry of presentation shall remain in force; and appeal may be taken therefrom to the Supreme Court of Puerto Rico, pursuant to the Act of March 1, 1902, as subsequently amended.

"If the note is revoked, the Registrar shall proceed to make the pertinent entry; and if it is confirmed, the entry of presentation shall automatically become cancelled, and the interested party shall present anew the title, depositing the stamps required by the Registrar. Whenever the Court shall find that the fees in internal-revenue stamps are different from those deposited and from the amount required by the Registrar, the interested party shall, in the proper case, deposit in the Registry such difference, so as to obtain the recording of the title presented. In this case, such difference shall be deposited, with return of the title to the Registrar, in a term not longer than five days, reckoning from the date of the decision of the Supreme Court, and the Registrar shall make the pertinent entry within the ten days following the return, such terms being covered by the entry of presentation.

"If the interested party does not deposit the amount fixed by the Court, with return of the title to the Registrar, in the term to which the above paragraph refers, the entry of presentation

---

[4] See, *Casalduc* v. *Registrar*, 67 P.R.R. 582 (1947); *Pozzi* v. *Registrar*, 40 P.R.R. 820 (1930), and *Vincenty* v. *Registrar*, 40 P.R.R. 118 (1930).

shall lapse and the Registrar shall proceed to cancel same officially."

As it will be noted several changes were introduced which are explained in the report of the Judiciary and Finance Committees of the House of Representatives, 17-4 Journal of Proceedings 1845, as follows:

"6. The last change proposed concerns the procedure to follow in case of disagreement between the presenters and the Registrar regarding the fees charged for the operation requested. The bill proposes that the Registrar shall require presenter to deposit the difference within the duration of the effects of the entry of presentation. In case of failure to do so, the Registrar shall deny the corresponding entry, by means of a note which he shall enter on the margin or on the back of the instrument concerned. This note shall last sixty days. In this manner, the rule in force that when the fees, which in the Registrar's opinion should be charged for the instrument are not deposited, a note of suspension of one hundred and twenty days is to be entered in the daybook, is changed.

"In the bill, as well as in the present time, an appeal may be taken from the note of denial to the Supreme Court of Puerto Rico. If the Registrar's note is reversed, he shall proceed to make the pertinent entry. In case the note is affirmed, the entry of presentation shall automatically become cancelled, and the interested party shall present anew the title, if he is interested in its record, with the corresponding difference of fees.

"Whenever the Supreme Court shall find that the fees are different from those deposited and from the amount required by the Registrar, that is, when it considers that neither the presenter nor the Registrar is right, the measure proposes that the presenter shall deposit the difference of the fees with return of the title to the Registrar within a term not longer than five days reckoning from the date of the decision of said Court. The Registrar shall perform the pertinent operation within the ten days subsequent to the return of the title and the deposit of the stamps, such terms being covered by the entry of presentation. If the interested party does not deposit the corresponding stamps and returns the corresponding title within the above-

mentioned five days, the entry of presentation shall lapse and the Registrar shall proceed to cancel same officially."

We have elaborated on this historical account to emphasize that this Court's intervention in these cases is limited only to the situations where the interested party and the registrar disagree as to the amount of fees charged for an operation in the Registry. The problem which, in essence, is raised in this appeal—the existence of a valid notice to the interested party on a deficiency in the fees deposited—is alien to our knowledge. It would suffice to observe that the question to be decided is a controversy of facts, in regard to which it is necessary to submit evidence; subject to weighing and to be settled by hearing those who may be prejudiced.[5] Cf. *González* v. *Registrar*, 75 P.R.R. 344 (1953) ; *Jiménez* v. *Registrar*, 62 P.R.R. 522 (1943) ; *People* v. *Registrar*, 44 P.R.R. 774 (1933). Roca Sastre, upon outlining the nature of the administrative appeal, points out that "*It does not have adversary judicial nature*, because within it there is no controversy inter parties." II *Derecho Hipotecario* 43 (1954 ed.). As it shall be seen appellant does not appeal from the contents of the entry, it does not challenge the grounds for the denial; an alleged omission in the recording procedure, which is necessarily subject to evidence before the courts, is sustained.

Therefore, the appeal must be dismissed for lack of jurisdiction.

Mr. Chief Justice, Mr. Justice Hernández Matos, and Mr. Justice Rigau did not participate herein.

---

[5] Respondent notes that subsequent to the denial considered herein, a mortgage has been recorded in favor of a noteholder and entries have been made in favor of the State Insurance Fund and the United States of America, whose preference for record would be affected if the appellant bank prevails.